Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/18/2026 09:11 AM CDT

- 635 -

Nebraska Supreme Court Advance Sheets
321 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. HAMILTON
Cite as 321 Neb. 635

State of Nebraska ex rel. Counsel for Discipline of
the Nebraska Supreme Court, relator, v.
James D. Hamilton, respondent.
___ N.W.3d ___

Filed June 18, 2026.    No. S-26-440.

Original action. Judgment of disbarment.

Funke, C.J., Cassel, Papik, Freudenberg, Bergevin, and
Vaughn, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the voluntary surrender of
license filed by the respondent, James D. Hamilton, on June 1,
2026. The court accepts the respondent's voluntary surrender of
his license to practice law and enters a judgment of disbarment.

## STATEMENT OF FACTS

The respondent was admitted to the practice of law in the
State of Nebraska on September 19, 2000. At all times rel-
evant to these proceedings, the respondent was engaged in
the practice of law in Lincoln, Nebraska. Pursuant to Neb.
Ct. R. § 3-302, the respondent is under the jurisdiction of the
Committee on Inquiry of the First Judicial District. On June 1,
2026, the respondent filed a voluntary surrender of his license
to practice law.

Relevant facts are set forth in the voluntary surrender and
a document attached to it and incorporated by reference. On

- 636 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
321 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. HAMILTON
Cite as 321 Neb. 635

March 16, 2026, the Counsel for Discipline of the Nebraska Supreme Court, the relator, sent to the respondent a proposed disciplinary complaint. The complaint arose from the respondent's representation of a client, during which he made false statements and fabricated correspondence and judicial decisions. The complaint alleged that by his actions, the respondent violated his oath of office as an attorney licensed to practice law in the State of Nebraska, as provided by Neb. Rev. Stat. § 7-104 (Reissue 2022), and violated several provisions of the Nebraska Rules of Professional Conduct.

After reviewing the complaint with counsel, the respondent filed a voluntary surrender of his license to practice law. The respondent states that for purposes of this voluntary surrender, he knowingly does not challenge or contest the truth of the allegations set forth in the complaint against him. The respondent freely and voluntarily consents to the entry of an order of disbarment and voluntarily waives his right to notice, appearance, or hearing prior to the entry of disbarment.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

(A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.

(1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that the respondent has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the allegations made against him. Further, the respondent has

- 637 -

Nebraska Supreme Court Advance Sheets
321 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. HAMILTON
Cite as 321 Neb. 635

waived all proceedings against him in connection therewith. We further find that the respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration, the court accepts the respondent's voluntary surrender of his license to practice law, finds that the respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately.

The respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316 (rev. 2014) of the disciplinary rules, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, the respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2022) and Neb. Ct. R. §§ 3-310(P) (rev. 2023) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.

STACY, J., not participating.